1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                   AT TACOMA

8    REGAL WEST CORPORATION,               CASE NO. C23-5328 BHS

                        Plaintiff,
9        v.                                ORDER ON PLAINTIFF'S
                                           MOTION TO REMAND
10   Z GLOBAL LOGISTICS LLC,

11                      Defendant.

12

13       This matter is before the Court on Plaintiff Regal West Corporation's Motion to

14   Remand, Dkt. 8. The Court has considered the briefing filed in support of and in

15   opposition to the motion and the remainder of the file and denies the motion for the

16   reasons below.

17                          I.    BACKGROUND

18       On March 22, 2023, Regal West Corporation (Regal) filed an action against Z

19   Global Logistics, LLC (Z Global) in Pierce County Superior Court, alleging that Z

20   Global tortiously interfered with Regal's business and its future business prospects. Dkt 8

21   at 21-22. Both Regal and Z Global are third-party logistics providers. *See* Dkt 1-2 at 1. In

22   2013, Regal, which operates in Fife, Washington, entered into a relationship with a global

ORDER - 1

1    toy company called Jazwares, LLC (Jazwares) to provide its services. *Id.* at 4. In 2020, Z

2    Global sent temporary workers on behalf of Jazwares to Regal's warehouses to assist in

3    Regal's work. *Id.* at 5. Regal alleges that, once at its facilities, Z Global's representatives

4    and temporary workers interfered with Regal's relationship with Jazwares. *Id.* Regal

5    further alleges that, as a result of Z Global's tortious interference with its business, Regal

6    lost access to temporary workers, and lost several employees and $6 million annually in

7    recurring revenue. Dkt 1-2 at 6. Regal seeks damages for lost business and attorney's

8    fees. Dkt 1-2 at 8-9.

9          On April 13, 2023, Z Global timely removed the case to this Court, asserting that

10   the court had subject matter jurisdiction because Z Global is a citizen of New York and

11   Delaware and the amount in controversy exceeds $75,000. Dkt 1.

12         Regal seeks remand, arguing that Z Global has not met its burden of establishing

13   that the parties are diverse, and that the Court therefore does not have subject matter

14   jurisdiction. Dkt 8. Regal relies on the testimony of a Z Global corporate representative

15   who testified in a different case that Z Global had an additional, minority owner, and who

16   did not clarify that the minority owner was a citizen of a state other than Washington. Dkt

17   8-2, Ex. A.

18         Z Global's reply explained that its sole member is Alleghany Capital Corporation,

19   Dkt 17 at 2, which operates in Delaware and has its principal place of business in New

20   York. Dkt 1 at 2. Regal nevertheless contends in its surreply that Z Global has failed to

21   prove diversity. Dkt 18 at 7.

22

## II.  DISCUSSION

Defendants may remove any action filed in state court to federal district court if the district court would have original jurisdiction over the case. *See* 28 U.S.C § 1332(a). When an action does not involve federal laws, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000 for a district court to have original jurisdiction. *Id.*

Unlike corporations, which are deemed citizens of the states in which they are incorporated and those where their principal place of business is located, the Ninth Circuit deems limited liability companies as citizens of every state of which their members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The case must be remanded for lack of diversity jurisdiction if the Court doubts that the parties are citizens of different states. *See Coleman v. Am. Commerce Ins. Co.*, No. C16-5096 BHS, 2016 WL 2586636, at *1 (W.D. Wash. May 5, 2016).

The parties agree that the burden of proving diversity of citizenship rests with the defendant. *See* Dkt 17 at 1.  They also agree that the amount in controversy exceeds $75,000. *See* Dkt 1 at 2. What the parties disagree on, however, is whether Z Global has properly demonstrated its citizenship is different from Regal's citizenship.

First, Regal contends that Z Global has not demonstrated its citizenship at the time the case was filed. Dkt 18 at 2. Regal points to the testimony that the Z Global representative provided in a separate case that Z Global had a minority owner whose citizenship was not mentioned. *Id.* However, Z Global's removal notice unambiguously

1    asserts that it is a Delaware corporation with a principal place of business in New York.

2    Dkt 1 at 2. Z Global also explains that its representative testified in a different case to

3    having two member-owners because Z Global's parent company was being acquired by

4    Berkshire Hathaway at the end of 2022. *See* Dkt 17 at 3. Z Global provided this

5    testimony on February 16, 2023, and this case was filed on March 22, 2023. Dkt 8-1; Dkt

6    1. Z Global clearly states that it had one member at the date Regal filed the suit. Dkt 17 at

7    3. Furthermore, Z Global explains that the minority owner was a citizen of Florida, not

8    Washington, and so even if the minority owner was still a member at the date of filing the

9    suit, Z Global would still be diverse. *Id.* at 2.

10        Regal also argues that Z Global failed to properly plead the citizenship of its

11    parent company, Alleghany Corporation. Dkt 8 at 5. Regal suggests that Z Global did not

12    definitively prove diversity because they did not say where *the* principal place of business

13    was, rather only that Alleghany Corporation had *a* principal place of business in New

14    York. *Id.* Nonetheless, even if Z Global had more than one principal place of business,

15    removal to this Court is proper because nothing suggests that any of its members were

16    Washington residents or that any of its locations were in Washington.

17        There is no doubt as to the citizenship of Z Global at the time the action was filed.

18    For these reasons, Regal's motion to remand for lack of subject matter jurisdiction is

19    denied. Accordingly, Regal's request for an award of the fees and costs it incurred as a

20    result of the defendant's removal is denied.

21

22

ORDER - 4

1

### III.  ORDER

2     Therefore, it is hereby **ORDERED** that Regal West Corporation's Motion to

3  Remand, Dkt. 8, is **DENIED**.

4     Dated this 9th day of June, 2023.

5

6

BENJAMIN H. SETTLE
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5